TOMMIE L. CARTER,

                Plaintiff,

v.                                        Case No. 20-CV-787-JPS

RACHEL LARSON-MATUSHAK,

                Defendant.                       **ORDER**

Plaintiff Tommie Carter, an inmate confined at Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendant violated his constitutional rights. (Docket #1). This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and miscellaneous motions, as well as screens his complaint.[1]

### 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

---

[1] Plaintiff's motions for screening of his complaint (Docket #19 and #20) will be denied as moot in light of this order.

On July 17, 2020, the Court waived payment of Plaintiff's initial partial filing fee. (Docket #17). The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the $350.00 filing fee over time in the manner explained at the end of this order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Page 2 of 8
Case 2:20-cv-00787-JPS   Filed 11/20/20   Page 2 of 8   Document 22

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff contends that on April 12, 2020, while incarcerated at Green Bay Correctional Institution ("GBCI"), he fell ill. (Docket #1 at 2). Defendant Rachel Larson-Matushak, a nurse at GBCI, was told by security staff that Plaintiff was having spasmodic head pain, shortness of breath, intense chest pain, dizziness, and that he was vomiting up blood. (*Id.*) Defendant was on-call and came in to give Plaintiff a medical evaluation. (*Id.*) Plaintiff claims Defendant told him "nothing is wrong with you" and that he would be seen the next day by Dr. Lavore. (*Id.*) Defendant sent Plaintiff back to his cell with a basin to vomit blood into, which he did. (*Id.*) On April 13, 2020, Dr. Lavore wrote an order for Plaintiff to go to the hospital for an X-ray of his head. (*Id.* at 3.) On April 14, 2020, Plaintiff went to the hospital for treatment and X-rays. (*Id.*) Plaintiff alleges that he still experiences spasmodic head pain, shortness of breath, intense chest pain, and dizziness, as well as vomits up blood. (*Id.*)

### 2.3 Analysis

The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference

Page 3 of 8
Case 2:20-cv-00787-JPS   Filed 11/20/20   Page 3 of 8   Document 22

to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). To sustain this claim, Plaintiff must show: (1) an objectively serious medical condition; (2) that Defendant knew of the condition and was deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *See Reed v. McBride*, 178 F.3d 849, 852 (7th Cir.1999). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Even if a defendant recognizes the substantial risk, he is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 843 (1994).

In light of the low bar applied at the screening stage, the Court finds that Plaintiff's allegations state a claim for deliberate indifference to a serious medical condition in violation of the Eighth Amendment. Plaintiff's claims that he was vomiting up blood and had spasmodic head pain, shortness of breath, intense chest pain, and dizziness sufficiently allege a

serious medical condition. Plaintiff also adequately alleges that Defendant knew about his medical issue and did little about it, instead telling Plaintiff nothing was wrong with him and sending him back to his cell with a basin to vomit into. Thus, Plaintiff's complaint sufficiently states a claim for deliberate indifference to a serious medical condition in violation of the Eighth Amendment.

3. **MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff also seeks a temporary restraining order and preliminary injunction. (Docket #16). To obtain preliminary injunctive relief, whether through a temporary restraining order or a preliminary injunction, a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If he shows those three things, the court then balances the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.")

The Court will deny Plaintiff's motion. Even if Plaintiff's underlying case has a reasonable likelihood of success on the merits (and the Court

does not decide that today), and even if Plaintiff has no adequate remedy at law, he has not demonstrated that he will suffer irreparable harm if the Court does not issue injunctive relief. He has not provided the Court with any information supporting his claim that he cannot receive medical care while this case is pending. Plaintiff has only provided one instance of a past denial of medical care to support his motion. Plaintiff does not indicate that anyone at the institution, including Defendant, made comments or otherwise suggested that health care providers will refuse to treat his medical needs. Thus, as Plaintiff has not provided enough information to show irreparable harm, the Court will deny his motion for a temporary restraining order and preliminary injunction. (Docket #16).

4.  **CONCLUSION**

As discussed herein, Plaintiff may proceed with a claim against Defendant for deliberate indifference to his serious medical condition in violation of the Eighth Amendment.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order and preliminary injunction (Docket #16) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions for screening of his complaint (Docket #19 and #20) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this order have been electronically transmitted

to the Wisconsin Department of Justice for service on Defendant Rachel Larson-Matushak;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendant Rachel Larson-Matushak shall file a responsive pleading to the complaint within 60 days;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge